# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RANDY GARCIA-HILL,**

      **Plaintiff,**

      v.                                    CASE NO. 17-3213-SAC

**EMMALEE CONOVER, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Winfield Correctional Facility in Winfield, Kansas. On March 14, 2018, the Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 7) giving Plaintiff until April 9, 2018, in which to show cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to file a response to the MOSC within the allowed time.

In the MOSC, the Court found that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on December 4, 2017. Plaintiff's alleged medical claims occurred in May 2015. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

The Court also found that Plaintiff's allegations of denial of medical care are subject to dismissal for failure to state a claim. Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claims amount to a difference of opinion with the treatments he has been provided by medical staff. Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals. Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court. Although Plaintiff fails to identify any named defendant regarding his medical claim, his allegations reflect that he received medical care for his injuries. Plaintiff has failed to state a claim of deliberate indifference to his medical needs.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 11th day of April, 2018.**

>       s/ Sam A. Crow
>       **SAM A. CROW**
>       **Senior U. S. District Judge**